IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN GLEN LIMBAUGH, | § | |
| # 28266-078, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-CV-533-L-BW |
| | § | |
| S. GRANT, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241, received on March 3, 2025.  (Dkt. No. 3.)  Based on the relevant

filings and applicable law, the Court should **DISMISS** the petition without prejudice

for lack of jurisdiction as moot.

## I.  BACKGROUND

Stephen Glen Limbaugh, a federal inmate currently incarcerated at the

Federal Correctional Institution ("FCI") Seagoville in Seagoville, Texas, filed this

habeas action under 28 U.S.C. § 2241 challenging the calculation of the duration of

his sentence by the Bureau of Prisons ("BOP").  (*See id.*)  He names the warden of

FCI Seagoville as the respondent ("Respondent").  (*See id.* at 1.)[2]

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On June 19, 2018, the Lamar County Sheriff's Office arrested Limbaugh on state drug charges and for violation of his parole on a state burglary offense. (*See* Dkt. No. 9 at 5-6.) On December 12, 2018, a grand jury in the United States District Court for the Eastern District of Texas, Sherman Division, returned a multi-party indictment charging Limbaugh with conspiracy to distribute and possess with intent to distribute methamphetamine. *See United States v. Limbaugh*, No. 4:18-CR-233-ALM-AGD-4, Dkt. No. 1 (E.D. Tex. Dec. 12, 2018). Because Limbaugh was in state custody, that court issued a writ of habeas corpus ad prosequendum on December 18, 2018. *See id.*, Dkt. No. 26. The United States Marshals Service ("USMS") arrested Limbaugh on the writ, and he appeared in federal court on January 7, 2019. *See id.*, Dkt. Nos. 39, 57; (Dkt. No. 9 at 7-8, 13-15, 26.) After being charged with the same offense in two superseding indictments, Limbaugh pled guilty under a plea agreement to the charged offense on September 7, 2021. *See Limbaugh*, No. 4:18-CR-233-ALM-AGD-4, Dkt. Nos. 67, 179, 723, 732. By judgment dated May 31, 2022, the court sentenced him to 162 months of imprisonment, to run consecutively to any time imposed for his state parole revocation and to be followed by five years of supervised release. *See id.*, Dkt. No. 789.

During the pendency of his federal case, one of his state drug charges was dismissed, and on June 1, 2022, the day after he was sentenced in federal court, his remaining state drug charges were dismissed. (*See* Dkt. No. 9 at 7-8, 11, 28-30.) The USMS returned Limbaugh to state custody on February 17, 2023, where he was released the same day. (*See id.* at 6, 14.) The USMS re-arrested Limbaugh on

August 24, 2023.  (*See id.*)  Limbaugh's state parole violation warrant was withdrawn on November 13, 2023, and he was deemed to have discharged his parole on May 28, 2023.  (*See id.* at 6, 8-9, 32.)  Limbaugh's federal sentence was computed to commence on August 24, 2023, when the USMS re-arrested him following his release from state custody.  (*See id.* at 7.)

After pursuing BOP administrative remedies, Limbaugh filed this § 2241 action, asserting multiple grounds for relief based on the BOP's alleged denial of time credit toward his federal sentence for time spent in pre-trial detention.  (*See* Dkt. No. 3 at 5-6.)  The only relief sought is for Respondent "[t]o correctly apply a 1,240 day jail credit for time spent in primary federal custody in pre-tr[ia]l detention as ordered by a U.S. magistrate judge."  (*Id.* at 6.)  In April 2025, after Limbaugh filed his § 2241 petition in this Court, the BOP applied a total of 1,705 days of time credit against his federal sentence for time spent in prior custody.  (*See* Dkt. No. 9 at 7.)  The 1,705 days of prior custody time credit consisted of 202 days for the period of June 19, 2018, through January 6, 2019, 1,240 days for the period of January 7, 2019, through May 30, 2022, and 263 days for the period of May 31, 2022, through February 17, 2023.  (*Id.*)

On May 28, 2025, Respondent filed a response to the § 2241 petition seeking dismissal of the petition as moot based on the BOP's corrected calculation of the duration of Limbaugh's sentence after the April 2025 application of 1,705 days of prior custody time credit.  (*See* Dkt. No. 8.)   Limbaugh did not file a reply.

## II.  JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted).  It "is well-settled, that mootness is a threshold jurisdictional inquiry." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (citation and internal quotation marks omitted).  If a controversy becomes moot, the court should dismiss the case for lack of subject matter jurisdiction.  *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Limbaugh sought only the correct application of "a 1,240 day jail credit for time spent in primary federal custody in pre-tr[ia]l detention[.]"  (Dkt. No. 3 at 6.) Specifically, he appears to have sought 1,240 days of time credit against his sentence "from 01-07-2019 to 05-31-2022[.]"  (*Id.*)  Respondent's unrebutted evidence shows that, based on the BOP's corrected recalculation of his sentence, Limbaugh has now received the 1,240 days of time credit he requested for time spent in custody, as well

as an additional 465 days of time credit for other periods spent in prior custody for which he did not seek relief in his petition.  (*See* Dkt. No. 9 at 7, 9, 34-36.)  Because Limbaugh has received all of the relief he sought in this case, there is no live case or controversy before the Court, and the petition has been rendered moot.  Accordingly, the Court should dismiss the § 2241 petition as moot.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on March 3, 2025 (Dkt. No. 3), without prejudice for lack of jurisdiction as moot.

**SO RECOMMENDED** on January 26, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).